UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALONZO BASKIN,

    Petitioner

v.                                                                 Case No.:  8:10-cv-1721-T-24TBM
                                                                               8:99-cr-211-T-24TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause is before the Court upon Petitioner Alonzo Baskin's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255, as well as his supplement in support of that motion. (Doc. Nos. 1, 13.) The Government filed a response in opposition to the motion. (Civ. Doc. No. 12.) Petitioner filed a reply. (Civ. Doc. No. 13.)

**I.    Background**

Petitioner was charged with and pled guilty to distribution of cocaine base (Count 1), and possession with intent to distribute cocaine base (Count 2), in violation of 21 U.S.C. § 841(a)(1).

On December 12, 2000, Petitioner was sentenced as a career offender to 188 months imprisonment on Counts 1 and 2. The judgment was entered against Petitioner on that same day.

Petitioner filed a notice of appeal from the judgment and sentence on December 15, 2000; however, he filed a motion to voluntarily dismiss that appeal. Pursuant to the motion, the Eleventh Circuit dismissed the appeal on March 19, 2001.

On July 29, 2010, Petitioner filed the instant § 2255 motion.

**II.     Discussion**

Petitioner moves to vacate his conviction and sentence on two grounds: (1) that he is actually innocent of being a career offender; and (2) that he should be re-sentenced in accordance with the Fair Sentencing Act of 2010, which amended the mandatory sentencing for crack cocaine offenses.  For the reasons stated, Petitioner's motion is untimely and lacks merit, and therefore must be denied.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

> (1)    the date on which the judgment of conviction becomes final;
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

---

[1] The Court entered an order on August 5, 2010 dismissing Petitioner's Section 2255 motion as untimely.  That same day, the Court vacated that order, thereby reinstating Petitioner's motion.  (Civ. Doc. Nos. 2, 3, 4.)  Petitioner then filed a supplement to his motion.  (Civ. Doc. No. 6.)  The Court later directed the Government to file a response to the motion and supplement, which the Government did, and Petitioner filed a reply.  (Civ. Doc. Nos. 7, 12, 13.)  The Government apparently overlooked that the Court's August 5, 2010 had been vacated, and therefore, only responded to Petitioner's request for relief under the Fair Sentencing Act of 2010.  Nevertheless, Petitioner's Section 2255 motion is still pending in its entirety, and the Court shall proceed to address both grounds for relief asserted by Petitioner in the motion.

Petitioner appealed his conviction, but voluntarily dismissed that appeal before it was considered by the Eleventh Circuit. It appears that the Eleventh Circuit has not issued a published opinion regarding when a judgment becomes final under these circumstances. However, at least one district court in this circuit has ruled that when a defendant files an appeal, but then voluntarily dismisses it, the judgment is deemed final 90 days after the dismissal of that appeal. *Lehet v. United States,* No. 8:03-cv-297-T-17TGW, 2007 WL 186801, at *1 (M.D. Fla. Jan. 22, 2007).

Regardless of whether the Court construes the judgment of conviction as final ten days after the judgment, or 90 days after the dismissal of the appeal, the § 2255 motion was not filed until July 29, 2010, which is well beyond the expiration of either one-year limitations period. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a pro se prisoner's § 2255 motion is deemed to be filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it). As a result, Petitioner's § 2255 motion is untimely and must be denied.

Petitioner contends that a substantive change in the law occurred with the U.S. Supreme Court's March 2, 2010 decision in *Johnson v. United States*, __ U.S.__, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010), and therefore, his motion is timely under 28 U.S.C. § 2255(f)(3) and (f)(4). In *Johnson*, the Supreme Court held that the defendant's prior conviction for battery under Florida law was not a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Petitioner also relies on *Chambers v. United States*, 555 U.S. 122, 129 S. Ct. 687, 172 L. Ed. 2d 484 (2009) (holding that the crime of failing to report for penal confinement was not a violent felony for purposes of sentencing under the ACCA); *Begay v. United States*, 553 U.S.

137, 128 S. Ct. 1581, 1583, 170 L. Ed. 2d 490 (2008) (holding that the crime of driving under the influence of alcohol was not a violent felony) and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008) (holding that the crime of carrying a concealed firearm is not a "crime of violence" for purposes of the career offender enhancement) to argue that he should not have been sentenced as a career offender.

Petitioner was sentenced as a career offender based on his prior convictions for aggravated assault, carrying a concealed firearm, resisting arrest with violence, and the sale of cocaine. Petitioner contends that, according to *Johnson*, *Chambers, Begay*, and *Archer*, his prior crimes of aggravated assault, resisting arrest with violence, and carrying a concealed firearm no longer qualify as predicate offenses for purposes of the career offender enhancement. These cases, however, have not been applied retroactively to post-conviction relief motions, and therefore provide no relief for Petitioner.[2]

Additionally, Petitioner contends that he should be re-sentenced in accordance with the Fair Sentencing Act of 2010, which amendment to mandatory sentencing for crack cocaine offenses by reducing the disparity in penalties for crimes involving the use of crack and powder

---

[2]On June 21, 2010, in *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), the Eleventh Circuit issued an opinion that the petitioner was actually innocent of being a career offender and thus was entitled to habeas relief pursuant to the 28 U.S.C. § 2255 savings clause. To reach this conclusion, the court found that *Begay* and *Archer* are retroactive. That opinion, however, was vacated when the Eleventh Circuit decided to rehear the case *en banc*. *Gilbert v. United States*, 2010 U.S. App. LEXIS 233357, at *1-2 (11th Cir. Nov. 3, 2010). Therefore, *Gilbert* is not currently the law of this Circuit and cannot form the basis for the relief requested. If the rehearing *en banc* in the *Gilbert* case results in an opinion that affords relief to Petitioner, then Petitioner may file a motion based on that *en banc* opinion.

Moreover, Petitioner would still qualify as a career offender based on his prior convictions for aggravated assault and the sale of cocaine, both of which are predicate offenses for purposes of the career offender enhancement. *See* U.S.S.G. § 4B1.2.

cocaine.  That law, however, is not retroactive, and therefore, does not provide any relief for Petitioner.  *United States v. Gomes*, 621 F.3d 1343 (11th Cir. 2010).  The Fair Sentencing Act of 2010 was enacted ten years after Petitioner committed his crimes.  At sentencing, the Court properly applied the penalties in place at the time the crimes were committed.

### III. Conclusion

Accordingly, Petitioner's § 2255 motion is **DENIED** in its entirety.  The Clerk is directed to enter judgment against Petitioner in the civil case and to close the civil case**.**

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of March, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner